UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GARY HUGH CURTIS                                                                                          PLAINTIFF

V.                                                                    CIVIL ACTION NO. 3:13-cv-974-HTW-LRA

LAUDERDALE COUNTY, ET AL.                                                                  DEFENDANTS

## REPORT AND RECOMMENDATION

This cause is before the Court for a Report and Recommendation as to the Motion for Summary Judgment [45] filed by Defendants, as well as Plaintiff's Motion to Dismiss Defendants' Motion for Summary Judgment [50]. Having considered the entire record in this matter, the undersigned finds that Defendants' motion is well-taken and recommends that it be granted. Plaintiff's motion is not well-taken and should be denied.

### I. Background

Plaintiff, who is proceeding *pro se* in this litigation, brought this lawsuit pursuant to 42 U.S.C. § 1983, challenging the conditions of his confinement. Specifically, Plaintiff alleges that while he was housed at the Lauderdale County Detention Facility (LCDF) in Meridian, Mississippi, he was unconstitutionally denied medical care [1].

The Court held an omnibus or *Spears* hearing in this matter on November 5, 2013, at which Plaintiff was afforded the opportunity to fully explain his claim.[1]  As the Court noted in its Omnibus Order [39], Plaintiff elaborated on his claims at the hearing:

---

[1]*See Spears v. McCotter*, 766 F.2d 179, 180 (5th Cir. 1985).

1

>According to Plaintiff, he was a 67 year old handicapped inmate at the LCDC from December 19, 2011, through February 5, 2012. He was released from custody at that time and then jailed again on June 6, 2012, until the present. When he was arrested, he suffered from Type II diabetes; coronary artery disease; post-surgical complications of a cancerous tumor which resulted in the amputation of his right arm above his shoulder; high blood pressure; torn rotator cuff; right side and shoulder trauma and pain; and, peripheral artery disease (PAD). When first arrested, his left leg started swelling and hurting, and he approached Defendant Hanlin on several occasions and asked to see the doctor. Although she would tell him he could see the doctor, she never actually let him. Nurse Hanlin would tell him to "prop up" his leg, but she never did anything. When he was released in March 2012, he wore stockings, and that kept his swelling down; he saw a doctor during the period he was out only for checks on his bloodwork for diabetes and for medications.
>
>Plaintiff was again jailed in June 2012, and he did not have his stockings in the jail. He complained to Defendant Hanlin several times about his swelling and pain, but all she did was give him Tylenol once or twice. According to Plaintiff, he submitted an Inmate Grievance Form to the jail administrator, the assistant jail administrator, and the captain. It was returned on July 3, 2012, and the response was given by Nurse Hanlin.
>
>On the same date, July 3, 2012, Curtis was taken to Rush Hospital due to the pain in his leg. He had emergency surgery on his left leg and was diagnosed with PAD. He also had a blood clot in his right leg, and he had a stent put in it on July 6, 2012. He remained in the hospital about a week before returning to LCDC. He was transferred from LCDC in August 2012, and housed first at CMCF, then SMCI. In April 2013, it was necessary to amputate his left leg.

[39] at 2-3. All Defendants have moved for summary judgment as to Plaintiff's claims. In support of their motion, Defendants submitted Plaintiff's medical records from LCDF, including his sick call requests and Defendant Hanlin's responses. [49].

## II. Standard of Review

"Summary judgment is appropriate if the moving party can show that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *United*

*States v. Renda Marine, Inc.,* 667 F.3d 651, 655 (5th Cir. 2012) (quoting Fed.R.Civ.P. 56(a)). "A factual dispute is 'genuine' where a reasonable party would return a verdict for the nonmoving party." *Chiu v. Plano Indep. Sch. Dist.,* 339 F.3d 273, 282 (5th Cir. 2003) (quoting *Lukan v. North Forest Indep. Sch. Dist.,* 183 F.3d 342, 345 (5th Cir. 1999)). When considering a summary judgment motion, a court "must review all facts and evidence in the light most favorable to the non-moving party." *Juino v. Livingston Parish Fire Dist. No. 5,* 717 F.3d 431, 433 (5th Cir. 2013). However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003) (citing *Bridgmon v. Array Sys. Corp.,* 325 F.3d 572, 577 (5th Cir. 2003); *Hugh Symons Group, plc v. Motorola, Inc.,* 292 F.3d 466, 468 (5th Cir. 2002)).

### III. Denial of Medical Care

Plaintiff claims that Defendants denied him proper medical care in violation of his constitutional rights. [1], [7]. Pretrial detainees, which is what Plaintiff arguably was when he was at LCDF,[2] have a Fourteenth Amendment right to medical care while incarcerated. *See, e.g., Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir.1996). Where, as in this case, an alleged deprivation of this right is due to an episodic act or omission, the relevant inquiry is whether Defendants were deliberately indifferent to Plaintiff's serious medical need. *Id.* Plaintiff must show both that Defendants had knowledge of a substantial risk of serious harm, and were deliberately indifferent to that risk. *Id.*

Defendant Hanlin, a nurse, was employed by Defendant Southern Health Partners (SHP).

---

[2] Plaintiff may have been booked into LCDF initially as a pretrial detainee and was returned to LCDF for a probation violation. Whether he was a pretrial detainee or a convicted inmate, with respect to claims for denial of medical treatment, the standard is still deliberate indifference. *Gibbs v. Grimette,* 254 F.3d 545, 548 (5th Cir. 2001).

3

Defendant Lauderdale County contracted with SHP, and SHP provided medical services to inmates at LCDF, including Plaintiff. The medical records submitted reflect that Plaintiff was being treated conservatively by Defendant Hanlin with medication, but was sent to the emergency room as soon as the need for further treatment was identified. Mere disagreement with a prescribed course of medical treatment does not give rise to a Section 1983 claim, nor does medical malpractice. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Plaintiff complains that though he saw Defendant Hanlin, a nurse, he never saw a doctor while at LCDF. However, Plaintiff's condition was monitored and he was sent for emergency services when necessary. Plaintiff is not constitutionally entitled to see a doctor instead of a nurse. *See, e.g, Whitfield v. Flores*, 2009 WL 1457635, *4 (S.D. Tex. May 26, 2009). Plaintiff's claim that Defendants' failure to get him treatment earlier ultimately cost him his foot is undermined by his own testimony that he saw his personal attending physician after he got out of LCDF in early 2012, but before he was returned to LCDF in mid- 2012. Plaintiff admitted that his own doctor did not do anything about his foot at that time either. [39] at 3-4. Plaintiff's medical records reflect that he filled out sick call requests regarding his left foot and that Defendant Hanlin responded to each request. [49].

Plaintiff has failed to establish a Section 1983 claim. There has been no evidence presented that any Defendant was deliberately indifferent to Plaintiff's serious medical need. Moreover, neither Defendant Southern Health Partners nor Defendant Lauderdale County may be held liable under Section 1983 for supervisory liability, even if the Court had found a constitutional violation. *See Monell v. Department of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). There has been no evidence presented that any alleged failure to treat was due to any policy of either Defendant

Southern Health Partners or Lauderdale County so as to render either of those Defendants liable.

## IV.  Conclusion

Based on the foregoing, the undersigned recommends that Defendants' motion [45] be granted and Plaintiff's motion [50] be denied.  Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event he desires to file objections to these findings and recommendations.  Plaintiff is further notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar him, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b).

Respectfully submitted, this the 3rd day of November, 2014.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE